UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x

LAWRENCE FULTZ,                :

                                 :          CASE NO.:

          Plaintiff,        :

                                   :          Judge:

vs.                               :

                                   :          Magistrate:

3301 WILLIAMS BLVD, LLC,    :

                                   :

          Defendant.     :

-------------------------------------------------------x

## **COMPLAINT**

Plaintiff, LAWRENCE FULTZ, by and through his undersigned counsel, hereby files this Complaint and sues 3301 WILLIAMS BLVD, LLC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## **JURISDICTION AND PARTIES**

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2.     This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.     Plaintiff, LAWRENCE FULTZ, (hereinafter referred to as "MR. FULTZ"), is a person of

1

the age of majority and a citizen of the State of Louisiana.

5. MR. FULTZ resides in Jefferson Parish, Louisiana.

6. MR. FULTZ is a qualified individual with a disability under the ADA and the LCHR. MR. FULTZ is an amputee who is missing his left leg.

7. Due to his disability, MR. FULTZ is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, 3301 WILLIAMS BLVD, LLC is a Louisiana limited liability company doing business in Jefferson Parish, is the owner of the real properties and improvements which are the subject of this action, to wit: 855 Terry Parkway, Terrytown, Louisiana 70056 (hereinafter referred to as "the Property").

9. Upon information and belief, the Property is a Discount Zone gas station and convenience store.

10. Mr. FULTZ has visited the Property to purchase food/beverages.

11. DEFENDANT is obligated to comply with the ADA and the LCHR.

12. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

13. MR. FULTZ realleges and reavers all preceding paragraphs as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located at: 855 Terry Parkway, Terrytown, Louisiana

15. Upon information and belief, MR. FULTZ has visited the Property and desires to visit the Property again in the future.

16. Upon information and belief, MR. FULTZ'S most recent visit to the Property prior to filing this original Complaint was June, 2026.

17. During this visit, MR. FULTZ was unable to access the Property due to multiple barriers, including accessible route slopes that made it dangerous for MR. FULTZ to enter the Property.

18. MR. FULTZ continues to desire to visit the Property but will continue to experience serious difficulty due to the multiple physical barriers he encountered, which are still the case.

19. MR. FULTZ lives within close geographic proximity of the Property. MR. FULTZ'S home is five (5) miles from the Property.

20. MR. FULTZ plans on returning to the Property to purchase food/beverages, but fears that he will encounter the same barriers to access which are the subject of this action.

21. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. FULTZ due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A. The clear floor space in front of the Property's entrance contains an impermissible slope;

    B. There is no accessible route from the designated-accessible parking space to the Property's entrance; and

C. Other mobility-related ADA barriers to be identified following a complete inspection.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

24. Upon information and belief, removal of the barriers to access located on the Property would provide MR. FULTZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

25. MR. FULTZ has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. FULTZ is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

26. MR. FULTZ repeats and realleges all preceding paragraphs in support of this claim.

27. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANT.

28. At all times relevant to this action, MR. FULTZ has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary

means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

29. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

30. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

31. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

32. DEFENDANT discriminated against MR. FULTZ, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in this Complaint.

33. MR. FULTZ deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

34. MR. FULTZ is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. FULTZ demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property, owned by DEFENDANT, is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. FULTZ pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. FULTZ pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**THE BIZER LAW FIRM, LLC**
*Attorney for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com

6